**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4074**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTOPHER ANTONIO STAPLES, a/k/a Christopher Antonio
Ross,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   Thomas David
Schroeder, District Judge. (1:09-cr-00260-TDS-1)

Submitted: August 25, 2011       Decided: August 29, 2011

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON & LAWSON, LLP, Greensboro,
North Carolina, for Appellant.   Ripley Rand, United States
Attorney, Paul A. Weinman, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Antonio Staples pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Staples contends that the district court erred in denying his motion to suppress. He also argues that sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2006), violated his constitutional rights under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. We affirm.

When considering a district court's ruling on a motion to suppress evidence, this Court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this Court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Arizona v. Gant, 556 U.S. 332, __, 129 S. Ct. 1710, 1723 (2009).

While driving his girlfriend's car, Staples was stopped because the license plate had expired. The officer

2

learned that Staples's driver's license was revoked, and told Staples that he could not drive away. The officer then asked if he could search the car. Staples replied that the car was his girlfriend's, and the officer should wait until she arrived. When the officer approached the passenger window, he noticed the passenger attempting to conceal what appeared to be marijuana. The passenger was arrested for possession of marijuana, and the subsequent search revealed a handgun in the glove compartment. We conclude that the district correctly found that the search was a valid search incident to arrest because the officer reasonably believed the vehicle contained evidence relating to the passenger's possession of marijuana.

Circuit precedent forecloses Staples's constitutional arguments challenging his sentence under the ACCA. United States v. Presley, 52 F.3d 64, 67-68 (4th Cir. 1995). We therefore reject Staples's claim. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 n.2 (4th Cir. 2002) (noting that a panel of this court cannot explicitly or implicitly overrule circuit precedent established by a prior panel; only the United States Supreme Court or the en banc court may do so).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid in the decisional process.

AFFIRMED